**FILED**
**U.S. District Court**
**District of Kansas**

07/21/2026

**Clerk, U.S. District Court**
**By:__SND__Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL EVERETT SOWTER, II,

                **Plaintiff,**

    v.                                    **CASE NO. 26-3144-JWL**

STATE OF KANSAS, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael Everett Sowter, II, a state prisoner currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He was provisionally granted leave to proceed in forma pauperis. (Doc. 7.) The Court has conducted the statutorily required review of the complaint and identified deficiencies, set out below, that leave it subject to dismissal in its entirety. The Court will grant Plaintiff time to show cause, in writing, why this matter should not be dismissed.

### I.    Nature of the Matter before the Court

Plaintiff names as Defendants in this matter:  the State of Kansas; District Judge Christopher Meisenhimer of the District Court of Barber County, Kansas; and Barber County Attorney Daniel Lynch. (Doc. 1, p. 1-2.) As the factual background for the complaint, Plaintiff explains that on May 1, 2024, Judge Meisenhimer imposed a prison sentence in case number 2023-CR-000064 and ordered Plaintiff to serve the term of imprisonment consecutive to a not-yet-imposed sentence in a criminal case pending in Harper County, Kansas. *Id.* at 2. Plaintiff was sentenced in Harper County the following month. *Id.*

In Count I, Plaintiff asserts the violation of his constitutional right to due process. *Id.* at 3.

1

As supporting facts for Count I, Plaintiff alleges that he was ordered to serve the Barber County sentence consecutively to a "non-existent" Harper County sentence. *Id.* In Count II, Plaintiff asserts the violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* As supporting facts for Count II, Plaintiff alleges that being ordered to serve the Barber County sentence consecutively to the Harper County sentence resulted in his serving 15 more months in prison then he should have been required to serve. *Id.*

In Count III, Plaintiff asserts the violation of K.S.A. 22-3504. *Id.* at 4. As supporting facts for Count III, Plaintiff states that the state district court "ignored" multiple motions to correct the illegal sentence and only ruled on the issue in May 2026 outside of Plaintiff's presence. *Id.* Through this § 1983 action, Plaintiff seeks monetary compensation for the 15 months of imprisonment and 12 months of postrelease supervision he believes he was illegally required to serve. *Id.* at 5.

## II.    Screening Standards

Since Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes the pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the amended complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's [amended] complaint or construct a legal theory on plaintiff's behalf."  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III.    Discussion

Plaintiff names the State of Kansas as a defendant in this case and the only relief he seeks is monetary. The State of Kansas is not a "person" that Congress made amenable to suit for damages under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Eleventh Amendment generally bars suits for money

3

damages against the State of Kansas and "arms of the state." *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)); *see also Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Although a state can consent to suit and therefore waive its Eleventh Amendment immunity and Congress can abrogate the immunity through legislation, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Moreover, nothing in the complaint indicates that the State of Kansas has otherwise consented to this suit. Accordingly, the State of Kansas is subject to dismissal from this action.

Plaintiff also names Judge Meisenhimer as a defendant. A state district judge is considered a state official, meaning that a Kansas state district judge has the same Eleventh Amendment immunity as the State of Kansas. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004); *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). Similarly, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will*, 491 U.S. at 71. Thus, any claims against Judge Meisenhimer in his official capacity in this action are subject to dismissal.

If Plaintiff sues Judge Meisenhimer in his individual capacity, he is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

(articulating broad immunity rule that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Even liberally construing the complaint and taking all well-pleaded facts therein as true, Plaintiff alleges that Judge Meisenhimer erred by ordering a sentence to run consecutively rather than concurrently with another sentence. Sentencing decisions are actions taken in a judge's judicial capacity and Plaintiff does not allege that Judge Meisenhimer acted in the clear absence of all jurisdiction. Therefore, Judge Meisenhimer is subject to dismissal from this action.

Finally, Plaintiff names Barber County Attorney Daniel Lynch as a defendant. Defendant Lynch is subject to dismissal from this case for multiple reasons as well. First, even liberally construed, the complaint does not sufficiently allege Defendant Lynch's personal participation in any events. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). Simply put, the complaint attributes no particular acts to Defendant Lynch and states only that Defendant Lynch exercised state power and worked in an official capacity. (*See* Doc. 1, p. 2.) Thus, Plaintiff has not pled a plausible claim against Defendant Lynch.

In addition, to the extent that Plaintiff seeks to sue Defendant Lynch due to actions or inaction in his role as county attorney in the criminal prosecution of Plaintiff, such a claim is

5

barred. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Thus, Defendant Lynch is subject to dismissal from this case.

## IV.    Conclusion

For the reasons explained above, each of the three defendants Plaintiff has named in his complaint are subject to dismissal from this case, leaving the complaint subject to dismissal in its entirety. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which relief could be granted. If Plaintiff fails to timely respond to this order, this matter will be dismissed for the reasons stated in this order without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 24, 2026**, in which to show cause, in a single written document submitted to this Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge