FILED
U.S. District Court
District of Kansas
08/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL EVERETT SOWTER, II,**

**Plaintiff,**

**v.** **CASE NO. 26-3144-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Michael Everett Sowter, II, a state prisoner currently incarcerated at Norton Correctional Facility in Norton, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He was provisionally granted leave to proceed in forma pauperis. (Doc. 7.) The Court conducted the statutorily required review of the complaint and identified deficiencies that leave it subject to dismissal in its entirety; namely, that all three named defendants are subject to dismissal. Thus, on July 21, 2026, the Court issued a memorandum and order to show cause ("MOSC") directing Plaintiff to show cause, in writing, why this case should not be dismissed for failure to state a claim on which relief could be granted. (Doc. 8.) This case comes now before the Court on Plaintiff's responses to the MOSC. (Docs. 10 and 11.)

In his complaint, Plaintiff names as Defendants: the State of Kansas; District Judge Christopher Meisenhimer of the District Court of Barber County, Kansas; and Barber County Attorney Daniel Lynch. (Doc. 1, p. 1-2.) The MOSC explained to Plaintiff that the State of Kansas, cannot be sued under 42 U.S.C. § 1983 and is entitled to sovereign immunity from suit for money damages. (Doc. 8, p. 3-4.) To the extent that Plaintiff sues Judge Meisenhimer in his official capacity, Plaintiff's claims are barred for the same reasons. *Id.* at 4. If Plaintiff sues Judge

Meisenhimer in his individual capacity, the MOSC explained, he is entitled to judicial immunity. *Id.* at 4-5. The Court noted the limitations of judicial immunity but concluded that the complaint did not contain allegations that suggested Judge Meisenhimer's actions fell outside the scope of the immunity. *Id.*

Finally, the MOSC explained that the complaint did not allege County Attorney Lynch's personal participation in a constitutional violation and, if Plaintiff seeks to sue County Attorney Lynch based on acts he took in his role as county attorney, County Attorney Lynch is absolutely immune. *Id.* at 5-6. Thus, because all three named defendants are subject to dismissal, the complaint fails to state a claim on which relief could be granted. *Id.* at 6. The MOSC directed Plaintiff to show cause why this case should not be dismissed. *Id.*

On August 2, 2026, Plaintiff filed a document titled "Claim on Which Relief Could be Granted #2." (Doc. 10.) Similarly, on August 10, 2026, Plaintiff filed a document titled "Claim on Which Relief Could be Granted #3." (Doc. 11.) The Court has liberally construed both documents as responses to the MOSC. Plaintiff's first response argues that Defendants violated his constitutional rights. (Doc. 10.) Even liberally construed, it does not contain any argument that could persuade the Court that its analysis in the MOSC was incorrect.

The first response also expresses Plaintiff's desire to add a fourth defendant to this case: Hannah Molz, who he seeks to sue in her individual capacity. *Id.* To the extent that the first response could be liberally construed as a motion to amend the complaint, it is denied. Local Rule 15.1(a) sets forth the steps that a party must follow if he or she wishes to amend a pleading that may not be amended as a matter of right, which includes submitting a motion for leave to amend the pleading and attaching to that motion the proposed pleading. D. Kan. L.R. 15.1(a). Plaintiff has not complied with this rule, and pro se litigants must "follow the same rules of procedure that

govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

Moreover, even if this Court allowed Plaintiff to add Ms. Molz as a defendant, the complaint still would be subject to dismissal. It appears from the response that Ms. Molz was appointed counsel for Plaintiff in his state criminal proceedings. (*See* Doc. 10, p. 1 ("Hannah Molz in her individual capacity under color of law, did not object to me being sentenced consecutive to [a] non[-existent] sentence."); Doc. 11, p. 2 (referring to "appointed counsel Hannah Molz").) The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). The decision to object or not object at a legal proceeding is an act within a lawyer's traditional role as defense counsel. Thus, because Ms. Molz was not acting under color of state law, she would not be a proper defendant to this 42 U.S.C. § 1983 action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Ms. Molz would immediately be subject to dismissal from this case, so the request to add her as a defendant is denied as futile.

Turning to Plaintiff's second response to the MOSC, the arguments therein are more obviously responsive to the MOSC. (Doc. 11.) Plaintiff argues first that the State of Kansas "could and should" waive its Eleventh Amendment immunity. *Id.* at 1. He does not argue, however, that the State *has* done so. Next, Plaintiff appears to take issue with the screening undertaken by the Court and reflected in the MOSC. *Id.* Plaintiff is assured that the Court is not acting as an advocate

for the State or any other defendant. As explained in the MOSC, federal statutes require the Court to screen Plaintiff's complaint because he is a prisoner and proceeds in forma pauperis. (*See* Doc. 8, p. 2 (citations omitted).) The screening statutes require the Court to dismiss his complaint or any part of it that fails to state a claim on which relief may be granted or seeks relief from a defendant immune from such relief. *Id.* (citations omitted).

Plaintiff next argues in his second response that Judge Meisenhimer acted in the absence of all jurisdiction, which deprives him of judicial immunity. (Doc. 11, p. 1.) Regarding judicial immunity, the MOSC stated:

> If Plaintiff sues Judge Meisenhimer in his individual capacity, he is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Even liberally construing the complaint and taking all well-pleaded facts therein as true, Plaintiff alleges that Judge Meisenhimer erred by ordering a sentence to run consecutively rather than concurrently with another sentence. Sentencing decisions are actions taken in a judge's judicial capacity and Plaintiff does not allege that Judge Meisenhimer acted in the clear absence of all jurisdiction. Therefore, Judge Meisenhimer is subject to dismissal from this action.

(Doc. 8, p. 4-5.)

Plaintiff explains he was initially arrested and charged in Harper County, Kansas. (Doc. 11, p. 2.) He was later arrested and charged in Barber County. *Id.* He further asserts that Barber County and Harper County authorities "originally agreed to probation," but then Barber County authorities changed their minds and sentenced him to a term of imprisonment. (Doc. 11, p. 1-2.) Under a special sentencing rule, the Barber County sentence was ordered to run consecutive to the Harper County sentence. *Id.* at 2. But at the time of the Barber County sentencing, Harper County had not yet sentenced Plaintiff. *Id.*

Plaintiff argues that Judge Meisenhimer should not have imposed a prison sentence in Barber County until after he was sentenced, presumably to probation, in Harper County. *Id.* at 1. Plaintiff asserts that Judge Meisenhimer's decision to impose a prison sentence influenced Harper County authorities and led the Harper County District Court to also sentence Plaintiff to prison. *Id.* Plaintiff also again argues that he has been in prison longer than the imposed sentence and he asserts that just as he "had to pay" when he broke the law, the defendants should "have to pay" for breaking the law. *Id.* at 2.

Even assuming solely for the sake of argument that Judge Meisenhimer erred in sentencing Plaintiff or that he acted outside the parameters of Kansas' sentencing statutes, Judge Meisenhimer is not deprived of judicial immunity. (*See* Doc. 8, p. 5 (noting the Supreme Court's holding that "a 'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority'" (citation omitted)).) The Supreme Court has identified two exceptions to judicial immunity: "(1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" *See Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles v. Waco*, 520 U.S. 9, 12 (1991)).

In the case now before this Court, it is clear that Judge Meisenhimer acted in his judicial capacity when he sentenced Plaintiff. To illustrate the second exception to judicial immunity, when the judge acts in the complete absence of jurisdiction, the Supreme Court provided an example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*See Stein*, 520 F.3d at 1195 (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 n. 7 (1978)).

Even liberally construed and taking all well-pleaded facts alleged therein as true, Plaintiff's responses to the MOSC do not show that Judge Meisenhimer acted in the complete absence of jurisdiction. *Cf. Johnson v. Schmidt*, 838 F. App'x 319, 322 (10th Cir. 2020) (unpublished) (affirming district court's conclusion that allegation that state judges improperly ignored K.S.A. 21-6628(c) did not deprive them of judicial immunity). As the Kansas Supreme Court recently reaffirmed: "[D]istrict courts possess general jurisdiction over criminal matters, including sentencing. *See* Kan. Const. art. 3, § 6(b); K.S.A. 20-301." *State v. Denney*, 321 Kan. 601, 601-02 (2026.) Accordingly, Judge Meisenhimer, as a state district judge, did not act in the complete absence of jurisdiction when he sentenced Plaintiff. He is entitled to judicial immunity.

In summary, nothing in Plaintiff's responses persuades the Court to depart from the reasoning set forth in the MOSC that led it to conclude that this case must be dismissed for failure to state a claim on which relief could be granted. Because the Defendants are either not suable under 42 U.S.C. § 1983 or are immune from suit on Plaintiff's claims, this case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that this case is **dismissed with prejudice**.

**IT IS SO ORDERED.**

DATED: This 18th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge